**James Henry DIGIUSTO, Petitioner–Appellant,**

v.

**Craig FARWELL, et al., Respondents–Appellees.**

**No. 07–15176.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 11, 2008.

Filed Aug. 26, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Debra Bookout, Assistant Federal Public Defender, Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

James Henry DiGiusto, Lovelock, NV, pro se.

Erik A. Levin, Esquire, Office of the Nevada Attorney General, Carson City, NV, David K. Neidert, Esquire, Robert E. Wieland, Esquire, Office of the Nevada Attorney General, Reno, NV, Erik A. Levin, Esquire, David K. Neidert, Esquire, for Respondents–Appellees.

Before: THOMPSON and WARDLAW, Circuit Judges, and MOSKOWITZ, District Judge.*

MEMORANDUM **

James Henry DiGiusto ("Petitioner") appeals from the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

The state court's determination that Petitioner's trial counsel's performance was not deficient was not an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Based on what was known about the photographs—i.e., that they showed scantily-clad boys in various poses—there was a risk that the pictures would be found to depict "sexual conduct" under N.R.S. §§ 200.710(1), 200.700(3). *See, e.g., United States v. Knox*, 32 F.3d 733, 737 (3d Cir.1994) (holding that under the federal child pornography statute, lascivious exhibition of the genitals does not contain any requirement of nudity); *People v. Kongs*, 30 Cal.App.4th 1741, 1753, 37 Cal.Rptr.2d 327 (1995) (holding that under California law, "sexual conduct" does not require a nude exhibition of the genitals). *But see Illinois v. Dailey*, 196 Ill.App.3d 807, 812, 144 Ill.Dec. 12, 554 N.E.2d 1051 (1990) (holding that "lewd exhibition of the genitals," as used within Illinois statute, requires genitals to be unclothed). Therefore, it was reasonable for trial counsel to accept the plea agreement and not request an evidentiary hearing or conduct an investigation. By accepting the plea agree-

---

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment, the number of counts was reduced from thirteen to three, and Petitioner's sentencing exposure was reduced significantly.

Because Petitioner did not allege facts establishing a colorable claim of ineffective assistance of counsel, the district court did not err in denying the petition or failing to conduct an evidentiary hearing.

AFFIRMED.